## William McElhanon

*v.*

## The People of the State of Illinois.

92  369|
87a 130|

1.  Grand jury—*changing venire by the sheriff by substitution of names.* While it is irregular and improper for the sheriff to whom a *venire facias* for a grand jury has been directed, to change the writ by substituting the name of another person for one named therein to be summoned, still, if the person whose name is thus substituted shall serve upon the grand jury, and an indictment for a mere misdemeanor be found, whatever the rule might be in cases of felony, the indictment will not be quashed merely because of such irregularity.

2.  Such an irregularity is not ground for quashing an indictment, under our statute, although it is at common law,—nor is it ground for challenge to the array, but the proper mode of making the objection is by challenging the polls as to the substituted person, and upon such challenge the name so improperly inserted will be stricken out.

Writ of Error to the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding.

Mr. P. E. Hosmer, Mr. G. W. Vernor, and Mr. Daniel Hay, for the plaintiff in error.

Mr. James K. Edsall, Attorney General, for the People.

Mr. Chief Justice Walker delivered the opinion of the Court:

Plaintiff in error was indicted, and convicted of keeping a common gaming house under the second count of the indictment. A fine of $100 was imposed and judgment rendered for the amount and costs, and he prosecutes error to reverse the judgment.

Accused, before trial, entered a motion to quash the indictment. The motion was supported by an affidavit that the sheriff, after receiving the *venire* for the grand jury, struck out the name of Samuel A. Martin, who had been regularly selected, and inserted the name of E. C. Clark, who had not been selected to serve as a grand juror at that term. Clark

24—92 Ill.

was summoned, attended, was impanneled, and served on the jury which found the indictment.

It would seem strange that any person claiming to be qualified to act as sheriff would do such an act. In fact, we would not expect any one would be so ignorant as not to know that a sheriff has no power to change any process that comes to his hands. He must have known it was unauthorized.

But did this misconduct of the sheriff render the indictment found by this grand jury illegal? And was it error to overrule the motion to quash? Plaintiff in error has referred us to *Stone* v. *The People*, 2 Scam. 326, as controlling this question, and as requiring a reversal. In that case the regular panel of grand jurors had been discharged from further attendance. Afterwards, and during the term, the court ordered the sheriff to summon a grand jury, which was done, and it was impanneled, and indicted Stone for murder, and he was put on his trial and convicted. Two of the petit jurors who tried him had been summoned, one for the first and the other for the second week of the term, and both had attended and served, but having been discharged, others were summoned by order of the court. It was urged that there was no warrant of law for thus impanneling the grand jury which indicted or the petit jury which tried and convicted accused. But this court held that the proceeding was regular, under the common law powers of the court; that notwithstanding these juries were not impanneled in the mode prescribed by the statute, under the common law they were regular, and the judgment was affirmed. In discussing the question it was said, that objections to the mode of summoning grand and petit jurors should be taken by challenge of the array, or on motion to quash the indictment founded on affidavit of the irregularity urged; that such objections could not be incorporated into the record unless raised in one of these modes; that such objections could not be urged on a motion for a new trial.

According to this authority the question in this case was properly presented on a motion to quash supported by affidavit.

The act of the sheriff, however reprehensible, in erasing one name and substituting another, did not render void the *venire facias* regularly issued. There was no ground for challenging the array, but there was ground for challenging the polls as to Clark, and had the challenge been made his name would have been stricken out. But did his acting as one of the grand jury which found the indictment, render it vicious and require it to be quashed?

The 411th section of the Criminal Code, Rev. Stat. 1874, p. 408, has this provision: "All exceptions which go merely to the form of an indictment shall be made before trial, and no motion in arrest of judgment, or writ of error, shall be sustained for any matter not affecting the real merits of the offence charged in the indictment. No indictment shall be quashed for want of the words 'with force and arms,' or the occupation or place of residence of the accused, nor by reason of the disqualification of any grand juror."

At the common law this objection would have been ground for quashing the indictment, but this section has made an important change in the practice. By it we are prohibited from reversing for any matter which does not affect the real merits of the offence charged in the indictment. It nowhere appears that Clark was not, in all other respects, fully qualified to act as a grand juror, and we fail to see that plaintiff in error was or could have been prejudiced in any manner by this juror acting with the others in finding the indictment.

The offence is but a misdemeanor and it could under the statute, have been prosecuted on information of the prosecuting attorney, in the county court, without an indictment. (See sec. 182, chapter "Courts," Rev. Stat. 1874, p. 343; also, sec. 1, act of 1877, p. 77.) In view of this legislation, how can we say that in a misdemeanor of this character such an irregularity can in anywise affect the merits of the case? The prosecution might have been instituted in the county court without any indictment, and as it was in the circuit court there was only a difference in the form of proceeding. In mere

misdemeanors we must hold that such irregularities do not authorize or require the indictment to be quashed.

The eighth section of the "Bill of Rights" in our constitution has relaxed the strictness required by former organic requirements. That section provides, that no person shall be held to answer a criminal charge unless on an indictment by a grand jury, except in cases in which the punishment is by fine, or imprisonment otherwise than in the penitentiary, in cases of impeachment, and cases arising in the army or navy, or in the militia when in actual service in time of war or public danger. The last clause of the section authorizes the General Assembly to abolish the grand jury in all cases.

Had this been a capital case, or a felony, it may be we should have reached a different conclusion, but that question is not before us, and we refrain from the expression of any opinion upon it.

We are clearly of opinion that the judgment of the court below must be affirmed.

*Judgment affirmed.*